IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FREDDIE L. WILLIAMS,**

            **Plaintiff,**

    **v.**                                          CASE NO. 18-3299-SAC

**CHRISTOPHER SCHNEIDER, et al.,**

            **Defendants.**

## ORDER OF DISMISSAL

This matter is a civil rights action filed under 42 U.S.C. §1983. Plaintiff, a pretrial detainee held at the Wyandotte County Jail, proceeds pro se and in forma pauperis.

### Factual background

Plaintiff names the district attorney and a state district judge as defendants in this action. He claims he is being held on charges that lack evidentiary support, that he has been incarcerated for 17 months without a preliminary hearing or trial, and that his request for a bond modification was denied. He asserts claims of obstruction of justice, excessive bail, and the violation of his right to a speedy trial.

Plaintiff seeks the dismissal of his criminal case and monetary damages.

### Screening standard

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Analysis**

The Court has examined the complaint and the proposed supplement to the complaint and finds this matter is subject to dismissal. First, the defendant district attorney is entitled to absolute immunity from damages arising from his action as an advocate for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430-32 (1976). "The 'public trust of the prosecutor's office would suffer' were the prosecutor to have in mind his 'own potential' damages 'liability' when making prosecutorial decision – as he might well were he subject to § 1983 liability." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009)(quoting *Imbler*, 424 U.S. at 424).

In considering whether a prosecutor's actions are shielded by this immunity, the Court must consider whether the conduct in question is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430-31. The "determinative factor is 'advocacy' because that is the prosecutor's main function and the one most akin to his quasi-judicial role." *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007)(quoting *Roberts v. Kling*, 104 F.3d 316, 319 (10th Cir. 1997)). Here, the conduct of the defendant district attorney appears to be the decision on the charges brought against plaintiff. Because that conduct clearly falls within the prosecutor's role as an advocate and is closely associated with the judicial phase of the

criminal proceedings against plaintiff, the defendant is protected by absolute prosecutorial immunity. Therefore, plaintiff's claims for damages against this defendant must be dismissed.

Plaintiff also names a state district judge as a defendant. A judge has absolute immunity from suit for acts performed within the jurisdiction of the court. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In determining whether the defendant judge's actions identified in the complaint were within her judicial capacity, the Court must look to the nature of the act, that is, whether the nature of the act is judicial, and not whether the act was erroneous or malicious. *Mireles v. Waco*, 502 U.S. 9, 13 (1991)(considering "the particular act's relation to a general function normally performed by a judge"). Plaintiff's claims against the defendant judge concern her decisions in setting the amount of bond, denying his motions for modification and to dismiss, and her management of his criminal case. Because all of these acts are within her judicial role, the defendant judge is shielded by absolute judicial immunity, and plaintiff's claims against her must be dismissed.

Although plaintiff's claims under § 1983 against the named defendants fail due to the immunities described, to the extent he seeks the dismissal of his criminal case, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

However, while a prisoner who challenges his detention may proceed pretrial under 28 U.S.C. § 2241, "[a] habeas petitioner is generally required to exhaust state remedies" before proceeding under that provision. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Because plaintiff does not suggest that he has presented his claims in the state courts, this matter, even if construed as a petition for

habeas corpus, would be subject to dismissal.

## Conclusion

For the reasons set forth, the Court dismisses this § 1983 action against defendants Schneider and Meyers for failure to state a claim for relief due to their immunities.

This dismissal is without prejudice to plaintiff's pursuit of relief in habeas corpus upon exhaustion of state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion to supplement the complaint (Doc. #6) is granted.

**IT IS SO ORDERED.**

DATED:  This 10th day of January, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge